(64 App. Div. 584.)

## PEOPLE v. HILLS.

(Supreme Court, Appellate Division, Fourth Department. October 18, 1901.)

FOOD — ADULTERATION OF CREAM — SELLING OR EXCHANGING — EVIDENCE OF SALE—SUFFICIENCY.

　　Where, in an action to recover a penalty for a violation of section 22 of the agricultural law, imposing a penalty for selling or offering for sale adulterated cream, it appeared that defendant was at the time in question doing business as a dealer in milk and cream, that the number on the milk wagon from which the samples were taken corresponded with the number of defendant's license, that the man driving the wagon was in defendant's employ, and that the samples were taken at 6:45 in the morning, while the wagon was being driven through the streets, the evidence was sufficient to show that defendant was selling or offering the cream for sale.

Appeal from trial term, Monroe county.

Action by the people against Edmund W. Hills. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Erwin A. Plumb, for appellant.
John A. Barhite, for respondent.

HISCOCK, J. The action was brought to recover of the defendant a penalty for exposing and offering for sale "unclean, impure, unhealthy, adulterated, or unwholesome cream" in the city of Rochester in June, 1900, in violation of the agricultural law, and especially section 22 thereof, as amended from time to time. There is no question but that upon the trial evidence was produced from which it might have been legitimately found that the cream in question contained formaldehyde, and therefore came within the prohibition of the statute. Evidence was also offered tending to prove that said substance in said cream would be injurious in its effects. The question which has been largely discussed upon this appeal, as it was upon the trial, and the decision of which in favor of the defendant led the learned trial justice to rule in favor of a nonsuit, is and was whether sufficient evidence was produced to permit a jury to find that defendant was engaged in selling or exchanging, or offering or exposing for sale or exchange, the cream in question. As has been stated, the trial justice held that there was not. In this, however, we are of the opinion that he erred. It was admitted by the answer that the defendant was doing business as a dealer in milk and cream in Monroe county at and prior to the time in question. The city milk inspector of Rochester testified that he issued licenses to milk peddlers, and that he issued a license to defendant. The number upon the milk wagon from which the sample of cream was taken corresponded with the number of this license, and there was other evidence tend-

ing to connect the ownership of the horse and said wagon with defendant. The man named Schako, who was in charge of this wagon at the time of taking the sample, had been seen before that at the place of defendant handling milk, rinsing cans, and doing work around the creamery. One of the inspectors, called by plaintiff, in response to defendant's counsel testified, in substance, that he had taken samples from milk which he was selling at various times for a year preceding, thus showing that the man had been engaged before this in selling or peddling milk. The defendant admitted upon the stand that this man was in his employ upon the occasion in question. Under these circumstances the plaintiff's inspectors, at about 6:45 o'clock upon the morning in question, found Schako driving this milk wagon through the streets of Rochester, with a can containing the cream in question. We think that, taken together, they would have warranted a jury in finding that the defendant was the owner of the wagon and cream, that the driver was his representative and agent, and that he was engaged in selling or offering for sale this cream. It is true that no one saw the defendant, through this driver, upon this occasion, sell or offer for sale any of this cream. But there was evidence abundantly justifying the conclusion that it was his business so to do. All of the surrounding circumstances indicated that that was the business in hand at this time. No apparent object was disclosed for carting the cream through the streets of Rochester at this time in the morning for any other purpose, and we are unable to conclude that a jury would have overstepped its powers in finding that the cream was being peddled or offered for sale.

It was urged by respondent upon the argument that the act under which this action was brought is unconstitutional. We are, however, of the opinion that the present weight of authority is so conclusively against this contention that we do not deem it necessary or profitable to discuss it at length.

In accordance with these views, the judgment appealed from should be reversed, and a new trial ordered, with costs to abide event. All concur.